IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHNNY L. VAUGHN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 123-044 |
| | ) |
| WALTER BERRY, Warden,[1] | ) |
| | ) |
| Respondent. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, currently incarcerated at Baldwin State Prison in Hardwick, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For the reasons explained below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** and this civil action be **CLOSED**.

**I.   BACKGROUND**

This is Petitioner's fifth § 2254 petition filed with this Court. Though Petitioner provides no dates and little detail in his petition, the Court may take judicial notice of its own or another court's records to establish existence of ongoing litigation and related filings. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453,

---

[1] The Court **DIRECTS** the **CLERK** to update the docket consistent with the above caption because the proper Respondent is Walter Berry, the current warden at Baldwin State Prison. See Rule 2(a) of the Rules Governing § 2254 cases.

1457 n.5 (11th Cir. 1987). Accordingly, the Court refers to its prior rulings to recite the background of Petitioner's conviction and history in this Court.

In 2015, following a jury trial in the Superior Court of Richmond County, Georgia, Petitioner was convicted of aggravated sexual battery and three counts of child molestation and sentenced to life imprisonment. See Vaughns v. Berry, CV 121-061, 2021 WL 4811213, at *1 (S.D. Ga. Sept. 22, 2021), *adopted by* 2021 WL 4810705 (S.D. Ga. Oct. 14, 2021). The Georgia Court of Appeals affirmed the conviction on March 13, 2018, and the Georgia Supreme Court dismissed Petitioner's subsequent petition for certiorari as untimely on September 28, 2018. Id. (citing Vaughns v. State, No. A17A1499 (Ga. Ct. App. Mar. 13, 2018) and Vaughns v. State, No. S18C1142 (Ga. Sept. 24, 2018)). Petitioner filed a state habeas petition on February 19, 2019, and, after the state habeas court dismissed the petition on August 21, 2019, the Georgia Supreme Court dismissed as untimely Petitioner's application for a certificate of probable cause to appeal. Id. (citing Vaughns v. Bobbitt, No. S20H0295 (Ga. Mar. 26, 2020)). Petitioner filed his most recent § 2254 petition with this Court on April 5, 2021, and Chief United States District Judge J. Randal Hall dismissed the petition on October 14, 2021 as time-barred by the applicable statute of limitations. See Vaughns, 2021 WL 4810705 at *1.[2] Petitioner did not appeal.

Petitioner commenced this present action by submitting a habeas corpus petition to the Northern District of Georgia on April 12, 2023, (see doc. no. 1), but he did not pay the $5.00

---

[2]Petitioner's first three § 2254 petitions in this District were dismissed without prejudice for failure to exhaust state remedies. See Vaughns v. Berry, CV 116-040, 2016 WL 2893156, at *3 (S.D. Ga. Apr. 21, 2016), *adopted* by 2016 WL 2889041 (S.D. Ga. May 17, 2016); Vaughns v. Berry, CV 116-045, 2016 WL 3264386, at *3 (S.D. Ga. May 18, 2016), *adopted by* 2016 WL 3360519 (S.D. Ga. June 14, 2016); Vaughns v. State, CV 118-006, 2018 WL 1190173, at *4 (S.D. Ga. Feb. 8, 2018), *adopted by* 2018 WL 1187551 (S.D. Ga. Mar. 7, 2018).

filing fee or submit a motion to proceed *in forma pauperis* ("IFP").  On March 22, 2018, United States Magistrate Judge Regina D. Cannon transferred the petition to the Southern District of Georgia because Petitioner was attempting to challenge convictions and sentences from Richmond County.  (Doc. no. 2.)  Upon transfer to this District, the Clerk of Court sent Petitioner a deficiency notice explaining he must, within twenty-one days, either pay the $5.00 filing fee or submit the enclosed IFP motion.  (Doc. no. 5.)  The Clerk's notice also stated, "Failure to comply with this notice may result in dismissal by the Court."  (Id.)  The time to respond has passed, and Petitioner has not submitted the filing fee or an IFP motion.

In his petition, Petitioner only lists one ground for relief, stating the ground is "exhaustion of state remedies," and simply listing underneath a slew of legal terms like "statutory jurisdiction," "plea of former jeopardy," and "lack of jurisdiction."  (See doc. no. 1, p. 1.)  Petitioner does not allege he has requested or received authorization from the Eleventh Circuit Court of Appeals to file a successive petition.

**II.     DISCUSSION**

**A.     The Petition Should Be Dismissed as Successive**

Because Petitioner filed a prior application for a federal writ of habeas corpus and there has been no new judgment intervening since the that federal application, the current application is successive.  See Osbourne v. Sec'y, Fla. Dep't of Corr., 968 F.3d 1261, 1264 (11th Cir. 2020) (*per curiam*).  The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") states as follows: "Before a second or successive [habeas corpus] application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).  Thus,

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997), *overruled on other grounds by* Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

Petitioner does not state he has sought or been granted permission from the Eleventh Circuit to file a second or successive § 2254 petition. Without such authorization, this Court cannot consider Petitioner's claims. See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (explaining AEDPA's restrictions on second or successive petitions and concluding "[w]ithout authorization, the district court lacks jurisdiction to consider a second or successive petition"); see also In re Medina, 109 F.3d at 1564 (affirming dismissal of claims as successive because the petitioner did not first file an application with the Eleventh Circuit). Accordingly, this petition should be dismissed as successive.

    **B.    The Petition Should Be Dismissed Because Petitioner Failed to File an IFP Motion or Pay the $5.00 Filing Fee.**

As described above, the Clerk of Court informed Petitioner of the need to file an IFP motion or pay the $5.00 filing fee and warned Petitioner that failure to comply could result in dismissal of this case without prejudice. (Doc. no. 5.) Nevertheless, Petitioner has neither submitted an IFP motion nor paid the filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't

of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."); Loc. R. 4.1 (commencing civil action requires payment of filing fee or filing IFP motion and failure to respond to Clerk's deficiency notice may result in dismissal by the Court).  Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte*, or on motion of any party, dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

Thus, even if the petition was not successive, this case is subject to dismissal regardless for failure to pay the filing fee or submit a motion to proceed IFP.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court finds Petitioner has filed a successive application for a federal writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals.  Therefore, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED**, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 26th day of May, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA